UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUAN CARLOS VILLANUEVA HERNANDEZ,

                Petitioner,

      v.

MARKWAYNE MULLIN *et al.*,

                Respondents.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1822 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On March 27, 2026, Petitioner Juan Carlos Villanueva Hernandez ("Petitioner") filed a petition for writ of habeas corpus against Respondents Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Kenneth Genalo, in his official capacity as Field Office Director of the New York Field Office of ICE; and Raul Maldonado Jr., in his capacity as Warden of the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn") (collectively, "Respondents"). *See generally* Petition for Writ of Habeas Corpus, Dkt. 1 ("Petition" or "Pet."). Petitioner seeks immediate release from custody, challenging the lawfulness of his ongoing detention by ICE under the Immigration and Nationality Act ("INA"), the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"), and the Administrative Procedure Act. *Id.* ¶¶ 40-49. Petitioner was arrested by DHS on February 15, 2026, and is currently detained at MDC Brooklyn. *Id.* ¶¶ 2, 18.

For the following reasons, Petitioner's request for release from custody is granted, and Respondents are ordered to immediately release him from custody.

Petitioner is a citizen of Guatemala[2] who entered the United States on or about November 6, 2005. Pet. ¶ 19; Declaration of Dmitry Rousseau ¶ 3, Dkt. 4-1 ("Rousseau Declaration" or "Rousseau Decl."). He was placed in "full removal proceedings under INA § 240." Pet. ¶ 23. While Petitioner represents that "he has resided in the United States continuously since his arrival," Pet. ¶ 19, Respondents assert that "[Petitioner] has illegally entered the United States at least two times, most recently at an unknown date, time, and location." Letter from Respondents to the Court at 1 (Mar. 31, 2026), Dkt. 4 ("Opposition" or "Opp'n"); Rousseau Decl. ¶¶ 3-4.

"On February 15, 2026, Enforcement Removal Operations' Long Island Fugitive Team, with CBP's assistance, arrested Petitioner pursuant to a Warrant for Arrest of Alien ("I-200")." Rousseau Decl. ¶ 5. ICE officers "observed Petitioner leave a residence located at 28 Chamberlain Street, Hempstead, New York and enter a vehicle." *Id.* The officers "conducted a vehicle stop [at which] Petitioner provided the officers with his New York State driver's license bearing his name and date of birth," and "[a]fter positively identifying him as the intended target, officers arrested him . . . and transported him to the ICE Processing Center at 100 Carman Avenue, East Meadow, New York." *Id.* ICE provided Petitioner with an I-200 stating that Petitioner was arrested as authorized by INA §§ 236, 287(a)(2), 8 U.S.C. §§ 1226, 1357(a)(2). *Id.* ¶ 6. That same day, ICE officers initiated removal proceedings by filing with the Executive Office for Immigration Review ("EOIR") and personally serving Petitioner with a Form I-862 Notice to Appear, which charged

---

[1] The facts of this case are undisputed unless otherwise indicated.

[2] Respondents represent that, at the time Petitioner was encountered by ICE on November 6, 2005, "ICE Records identified him as a citizen and national of Mexico." Rousseau Decl. ¶ 3. However, Respondents also note that, when Petitioner was detained in February 2026, "ICE confirmed that Petitioner was a citizen and national of Guatemala." Letter from Respondents to the Court at 1 (Mar. 31, 2026), Dkt. 4 ("Opposition" or "Opp'n"); Rousseau Decl. ¶ 2. Petitioner's country of origin does not impact the relevant law or its application in the Court's analysis.

Petitioner as "'an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General,' pursuant to 8 U.S.C. § 1182(a)(6)(A)(i)." *Id.* ¶ 7. Petitioner was moved through several different detention facilities until February 27, 2026, when he was transferred to the MDC Brooklyn. *Id.* ¶¶ 8-9, 11. On February 24, 2026, Petitioner accepted ICE's offer of an incentivized voluntary departure, but withdrew his acceptance on February 25, 2026. *Id.* ¶ 10.

## DISCUSSION

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("Section 1226") or 8 U.S.C. § 1225 ("Section 1225") and (2) whether Petitioner's Fifth Amendment due process rights have been violated.

### A. Statutory Basis for Petitioner's Detention

The Court is bound by a long line of U.S. Supreme Court precedent. *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings). Thus, the Court's position on whether Section 1226 or Section 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently. *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira*

*Caceres v. Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026); *Monge-Campos v. Bondi*, 26-CV-1056 (OEM), 2026 WL 603516 (E.D.N.Y. Mar. 4, 2026); *Gonzalez Guardado v. Maldonado*, 26-CV-1170 (OEM), 2026 WL 670156 (E.D.N.Y. Mar. 10, 2026); *Vasquez-Lopez v. Bondi*, 26-CV-1369 (OEM), 2026 WL 710088 (E.D.N.Y. Mar. 13, 2026); *Jimenez Carrillo v. Noem*, 26-CV-1259 (OEM), 2026 WL 747015 (E.D.N.Y. Mar. 17, 2026); *Singh v. Maldonado*, 26-CV-1571 (OEM), 2026 WL 850670, (E.D.N.Y. Mar. 27, 2026); *Agudelo Silva v. Maldonado*, 26-CV-1709 (OEM), 2026 WL 850687, (E.D.N.Y. Mar. 27, 2026).

The Court is not persuaded by the authorities provided by Respondents, and the parties do not dispute that there are no distinguishing facts as to Petitioner in this case. *See* Pet. ¶¶ 19-24; Opp'n at 3. The Court maintains that *Saamishvili v. Flanagan*, 25-cv-6178 (BMC), 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026) is unpersuasive, *see Acuapan*, 2026 WL 507889, at *4, and remains non-binding, as are the Fifth and Eighth Circuit decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, -- F.4th --, 25-3248, 2026 WL 819258 (8th Cir. 2026), respectively. Accordingly, for reasons consistent with the majority view, the Court finds that mandatory detention under Section 1225 is inapplicable to Petitioner and that discretionary detention under Section 1226 governs Petitioner's detention. *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & Appendix A (S.D.N.Y. 2025) (collecting cases).

**B. Due Process**

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851

4

(2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews test*, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain Petitioner on February 28, 2026. *See* Pet. ¶ 24; Opp'n at 3. Respondents present no articulable facts as to why Petitioner is dangerous or a flight risk. *See generally* Opp'n. Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty interest, and the risk of erroneous deprivation of that interest is high. *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*, 18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 § U.S.C. 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690). Here, however, there is nothing in the record to suggest that Petitioner is a flight risk or a danger to the community. *See* Pet. ¶¶ 19-24; Opp'n at 1-2. Rather, the record indicates that Petitioner has lived in the United States for several years without incident. Pet. ¶ 19. Therefore, Respondents have failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights. *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15. Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of relief and the most appropriate remedy. *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15.[3]

**CONCLUSION**

For the foregoing reasons, Petitioner's request for immediate release from custody is granted. Respondents are ordered to immediately release Petitioner from custody. By April 2,

---

[3] Because the Court determines that Petitioner's detention violates his due process rights, it need not address his remaining claims. *See, e.g.*, *Valdez*, 803 F. Supp. 3d at 217 n.4 (declining to address remaining claims after determining that the petitioner's detention violated due process).

6

2026, Respondents shall certify compliance with this order by filing on the docket and noting specifically that Petitioner has been released.

The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

_____/s/_____

ORELIA E. MERCHANT
United States District Judge

April 1, 2026
Brooklyn, New York